UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ROSEANNA L. CLARK ) | |
| ) | |
| Plaintiff, ) | Case No.: 4:18-cv-00132 |
| ) | |
| -v- ) | Judge: |
| ) | |
| DIVERSIFIED CONSULTANTS, INC. ) | |
| ) | **COMPLAINT** |
| Defendant. ) | JURY TRIAL DEMANDED |
| ) | |

Plaintiff, Roseanna L. Clark, for her complaint against Diversified Consultants, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. This is an action for actual, statutory and punitive damages brought by Plaintiff against Diversified Consultants, Inc. for its negligent, willful and/or knowing violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), in connection with its unlawful accessing of Plaintiff's credit report information subsequent to her bankruptcy.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 15 U.S.C. § 1681p and 15 U.S.C. § 1692. Venue in this district is proper because Defendant transacts business in this district and the conduct complained of herein occurred in this district.

## PARTIES

3. Plaintiff, Roseanna L. Clark ("Ms. Clark") is an adult individual residing in Jeffersonville, Indiana, and is a "consumer" as that term is defined in the FCRA and FDCPA.

4. Defendant, Diversified Consultants, Inc. ("DCI"), is a Florida corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

5. Defendant is a "debt collector" as defined by § 1692(a)(6) of the FDCPA.

6. Defendant is a "user" of consumer credit and other financial information as that term is defined, used and/or contemplated under the FCRA.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

8. On May 19, 2017, Ms. Clark filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Southern District of Indiana. The case was listed on the docket as case number 17-03786-JJG-7 (the "Bankruptcy Case").

9. Ms. Clark owed a debt to DCI at the time the Bankruptcy Case was filed (the "Subject Debt").

10. DCI asserted a pre-petition claim against Ms. Clark in an attempt to collect the Subject Debt. This claim was listed in Schedule E/F of Ms. Clark's bankruptcy petition as an unsecured claim.

11. On or around May 19, 2017, DCI received notice of the Bankruptcy Case.

12. On September 4, 2017, the bankruptcy court issued an order granting Ms. Clark a discharge in the Bankruptcy Case (the "Discharge Order"). A copy of the Discharge Order is attached to this complaint as Exhibit A.

13. The Discharge Order terminated any rights that DCI had against Ms. Clark with respect to the Subject Debt.

14. The Discharge Order was sent out to all creditors and other parties listed on the mailing matrix previously filed with the bankruptcy court, including DCI. Included in the notice was an explanation of the general injunction prohibiting DCI and others holding pre-petition claims from attempting to collect on those claims from Ms. Clark. *See* Exhibit A.

15. On or around September 4, 2017, DCI received notice of the Discharge Order.

16. At no time has DCI objected to or disputed the details of the claims included in the May 19, 2017 schedules filed in the Bankruptcy Case.

17. At no time has Ms. Clark reaffirmed any debt with DCI.

18. At no time has any pre-petition claim belonging to DCI been declared to be non-dischargeable in bankruptcy.

19. At all relevant times, DCI had actual knowledge that Ms. Clark was the debtor in a Chapter 7 bankruptcy, that she was granted a discharge in the Bankruptcy Case and that she was subsequently protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided under applicable bankruptcy law, specifically 11 U.S.C. § 524.

20. On December 19, 2017 and January 30, 2018, despite knowledge of the Discharge Order, DCI requested and obtained Ms. Clark's consumer report from Trans Union, Inc. ("Trans Union"). Relevant pages from Ms. Clark's Trans Union credit report, dated July 12, 2018, are attached to this complaint as Exhibit B.

21. On each occasion that DCI has obtained Ms. Clark's credit report from Trans Union, it represented to Trans Union that it was authorized to do so for an "account review" and "collection" purpose.

22. At the time of each such "account review" inquiry by DCI, Ms. Clark's Trans Union credit report reflected that she had no open accounts with DCI.

23. After a reasonable time to conduct discovery, Ms. Clark believes she can prove that all actions taken by DCI as described in this complaint were taken willfully, with either the desire to harm Ms. Clark, with reckless disregard for Ms. Clark's rights and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

24. The conduct of Defendant has been the producing and proximate cause of past, present and future mental distress and emotional anguish stemming from the ongoing invasion of Plaintiff's privacy and other damages that will be presented to the jury.

25. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will:

   a) continue to unlawfully access her personal, private and financial information;

   b) attempt to collect payment from her on the discharged Subject Debt; and

   c) cause unwarranted harm to her credit and/or other economic harm.

26. As a result of Defendant's conduct, Plaintiff has come to question the validity of the Bankruptcy Case and the protections it has afforded her.

27. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

28. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this complaint.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### *15 U.S.C. § 1681b*

29. All prior paragraphs are incorporated into this count by reference.

30. Defendant is a "user" of consumer credit and other financial information, as that term is defined, used and/or contemplated in the FCRA.

31. The "account review" information regarding Plaintiff that was obtained by Defendant constitutes a "consumer report" as that term is defined in the FCRA.

32. The FCRA restricts a prospective user from obtaining a consumer report unless authorized by the subject consumer or unless the user has a "permissible purpose" as that term is defined, used and/or contemplated under the FCRA.

33. On no less than two (2) occasions subsequent to September 4, 2017, the date of the Discharge Order, Defendant obtained Plaintiff's consumer report from Trans Union.

34. On each such occasion that Defendant has obtained Plaintiff's consumer report from Trans Union subsequent to September 4, 2017, Defendant represented to Trans Union that such access was authorized for an "account review" and "collection" purpose.

35. At all relevant times, Defendant knew that the Subject Debt was included and discharged in the Bankruptcy Case, and that it was legally prohibited from pursuing any further collection against – or even communicating with – Plaintiff concerning the Subject Debt.

36. As such, on each occasion that Defendant has obtained Plaintiff's consumer report from Trans Union subsequent to September 4, 2017, Defendant had actual knowledge that it did not have a permissible purpose under the FCRA to obtain such information.

37. In requesting and obtaining Plaintiff's private credit information with actual knowledge that it did not have a permissible purpose to do so, Defendant willfully violated the FCRA for each such inquiry it made.

38. After a reasonable time to conduct discovery, Plaintiff believes she can prove that Defendant has received hundreds of disputes from consumers like Plaintiff, complaining of the same conduct as alleged in this complaint, *i.e.*, Defendant's practice of obtaining consumer reports on individuals who have received a discharge in bankruptcy.

39. After a reasonable time to conduct discovery, Plaintiff believes she can prove that, despite its receipt of disputes from consumers, Defendant intentionally, knowingly and/or recklessly chooses not to correct its policies and procedures with respect to obtaining consumer reports after bankruptcy discharges.

40. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and will continue to suffer considerable harm and injury, as described further in paragraphs 24 through 28 above, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

41. Defendant's conduct reveals a conscious and reckless disregard of Plaintiff's rights, entitling Plaintiff to statutory damages in an amount of up to $1,000.00 per violation, pursuant to 15 U.S.C. § 1681n(a)(2).

42. The harm suffered by Plaintiff is attended by circumstances of fraud, malice and willful misconduct, entitling Plaintiff to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

COUNT II
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692d, e, and f*

43. All prior paragraphs are incorporated into this count by reference.

44. The FDCPA states, in relevant part:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

45. Defendant violated 15 U.S.C. §§ 1692d, e, e(2)(A), e(10) and f through its post-bankruptcy debt collection activities as outlined in this complaint. By virtue of the injunction provided under applicable bankruptcy law, specifically 11 U.S.C. § 524, Plaintiff was subsequently protected from any direct or indirect collection acts whatsoever at the hands of Defendant. Such prohibited collection activity necessarily includes obtaining Plaintiff's credit report information from a consumer reporting agency such as Trans Union.

46. As an experienced debt collection agency, Defendant knows that it has an affirmative duty to ensure the debt it is seeking to collect is not subject to bankruptcy.

47. Defendant knew that the Subject Debt was included and discharged in the Bankruptcy Case.

48. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered and will continue to suffer considerable harm and injury, as described in paragraphs 24 through 28 above, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, statutory damages of up to $1,000.00, and attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Roseanna L. Clark, requests that this Court enter judgment in her favor as follows:

- A. Awarding Plaintiff actual damages in amounts to be determined at trial, pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1692k(a)(1);

- B. Awarding Plaintiff statutory damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681n;

- C. Awarding Plaintiff statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- D. Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n;

- E. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1692k(a)(3); and

- F. Awarding any other legal or equitable relief to which Plaintiff may be entitled.

Dated:  July 27, 2018	Respectfully Submitted,

   */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

   */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC